1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

4

5

6

PEGGY ROMERO,

Plaintiff,

v.

7

8

9

KILOLO KIJAKAZI,[1]
Acting Commissioner of Social Security,

Defendant.

Case No. 3:22-cv-00466-CLB

**ORDER DENYING MOTION TO REMAND AND GRANTING CROSS-MOTION TO AFFIRM**

[ECF Nos. 16, 19]

10

11       This case involves the judicial review of an administrative action by the

12   Commissioner of Social Security ("Commissioner") denying Peggy Romero's ("Romero")

13   application for disability insurance benefits and supplemental security income pursuant

14   to Titles II and XVI of the Social Security Act. Currently pending before the Court is

15   Romero's motion for reversal and remand. (ECF No. 16.) The Commissioner filed a

16   response and cross-motion to affirm, (ECF Nos. 19, 20)[2], and Romero filed a reply,

17   (ECF No. 21). Having reviewed the pleadings, transcripts, and the Administrative Record

18   ("AR"), (ECF No. 14), the Court concludes that the Commissioner's finding that Romero

19   could perform past relevant work was supported by substantial evidence. Therefore, the

20   Court denies Romero's motion for remand, (ECF No. 16), and grants the

21   Commissioner's cross-motion to affirm, (ECF No. 19).

22   ///

23   ///

24   ///

25   ───────────────────

26   [1]     Kilolo Kijakazi is now the Acting Commissioner of Social Security and is

27   automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

28   [2]     ECF Nos. 19 and 20 are identical documents.

1  I.      STANDARDS OF REVIEW

2          A.      Judicial Standard of Review

3          This court's review of administrative decisions in social security disability benefits

4  cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854

5  (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of

6  the Commissioner of Social Security made after a hearing to which he was a party,

7  irrespective of the amount in controversy, may obtain a review of such decision by a civil

8  action . . . brought in the district court of the United States for the judicial district in which

9  the plaintiff resides." The court may enter, "upon the pleadings and transcript of the

10 record, a judgment affirming, modifying, or reversing the decision of the Commissioner of

11 Social Security, with or without remanding the cause for a rehearing." *Id.*

12         The court must affirm an Administrative Law Judge's ("ALJ") determination if it is

13 based on proper legal standards and the findings are supported by substantial evidence

14 in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006);

15 *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any

16 fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is

17 more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d

18 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means

19 such relevant evidence as a reasonable mind might accept as adequate to support a

20 conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated

21 Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Webb v. Barnhart*, 433 F.3d

22 683, 686 (9th Cir. 2005).

23         To determine whether substantial evidence exists, the court must look at the

24 administrative record as a whole, weighing both the evidence that supports and

25 undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995)

26 (citation omitted). Under the substantial evidence test, a court must uphold the

27 Commissioner's findings if they are supported by inferences reasonably drawn from the

28 record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

"However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

**B.    Standards Applicable to Disability Evaluation Process**

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of their claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform their prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the

analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits the individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929;

4

SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four to determine whether the individual has the RFC to perform their past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform their past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any past relevant work, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.    CASE BACKGROUND

### A.    Procedural History

Romero applied for disability insurance benefits ("DIB") and supplemental security

income ("SSI") on May 2, 2019, with an alleged disability onset date of May 31, 2016. (AR 16, 232.) Romero's application was denied initially on July 2, 2019, and upon reconsideration on January 16, 2020. (AR 135-142, 145-50.) On March 6, 2020, Romero requested an administrative hearing and on August 2, 2021, Romero and her attorney appeared at a telephonic hearing before an ALJ. (AR 55-78.) A vocational expert ("VE") also appeared at the hearing via telephone. (*Id.*) The ALJ issued a written decision on September 8, 2021, finding that Romero was not disabled because she could perform her past relevant work as actually performed by her. (AR 16-26.) Romero appealed, and the Appeals Council denied review. (AR 1-7.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies, Romero filed a complaint for judicial review on October 24, 2022. (*See* ECF No. 1-1.)

**B.     ALJ's Decision**

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 16-26.) Ultimately, the ALJ disagreed that Romero has been disabled from June 15, 2014, the alleged onset date, through the date of his decision. (AR 26.) The ALJ held that, based on Romero's RFC, age, education, and work experience, Romero could perform her past relevant work as actually performed by her. (AR 25-26.)

In making this determination, the ALJ started at step one. Here, the ALJ found Romero had not engaged in substantial gainful activity since the alleged onset date of May 31, 2016. (AR 19.) At step two, the ALJ found Romero had the following severe impairments: degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, right shoulder impairment status post arthroscopy, and migraine headaches. (*Id.*) At step three, the ALJ found Romero did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (AR 19-20.)

Next, the ALJ determined Romero has the RFC to perform medium work as

defined by 20 C.F.R. §§ 404.1567(c) and 416.967(c) except:

> she can never climb ladders, ropes, or scaffolds but can climb ramps and stairs occasionally. She can stoop, kneel, crouch, or crawl occasionally. She can balance frequently. She can reach overhead and above shoulder level on the right occasionally. She can push and pull with the upper extremities frequently. She should avoid concentrated exposure to extreme cold, vibration, and noise above moderate level. She should avoid concentrated exposure to moving mechanical parts and unprotected heights.

(AR 20-21.)

The ALJ found Romero's medically determinable impairments could reasonably be expected to cause the symptoms alleged; however, Romero's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 21.) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and factors weighing against Romero's credibility. (AR 21-25.) The ALJ then determined that Romero is capable of performing past relevant work, as in informal waitress and a manager, food service. (AR 25-26.)

Relying on the testimony of the VE, the ALJ determined that Romero's age, education, work experience, and RFC would allow Romero to perform past relevant work *as actually performed by her*. (AR 25.) Accordingly, the ALJ held that Romero had not been under a disability since the alleged onset date of May 31, 2019, through the date of the decision, and denied Romero's claim. (AR 26.)

## III.   ISSUE

Romero seeks judicial review of the Commissioner's final decision denying DIB and SSI under Titles II and XVI of the Social Security Act. (ECF No. 16.) Romero raises a single issue for this Court's review: Whether the ALJ failed to resolve conflicting vocational evidence as to the exertional demands of Romero's past work as an informal waitress and food service manager. (*Id.* at 2-6.)

///

///

## IV.   DISCUSSION

The ALJ will consider all evidence in the claimant's case record when making a disability determination. 20 C.F.R. §§ 404.1520(a)(3); 416.920(a)(3). "The ALJ is responsible for studying the record and resolving any conflicts or ambiguities in it." *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017).  *See also Wellington v. Berryhill*, 878 F.3d 867, 872 (9th Cir. 2017). Before an ALJ can rely on the testimony of a vocational expert, the ALJ must first inquire as to whether there exists a conflict between the expert's testimony and the Dictionary of Occupational Titles ("DOT"). *See Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). "Although evidence provided by a vocational expert generally should be consistent with the Dictionary of Occupational Titles, neither the Dictionary of Occupational Titles nor the vocational expert evidence automatically trumps when there is a conflict." *Id*. If the ALJ determines a conflict exists, "the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the Dictionary of Occupational Titles." *Id*.; *see also Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017). "[T]he ALJ has an affirmative duty to ask the expert to explain the conflict and then determine whether the vocational expert's explanation for the conflict is reasonable before relying on the expert's testimony to reach a disability determination." *Rounds v. Comm'r Soc. Sec. Admin*., 807 F.3d 996, 1003 (9th Cir. 2015) (internal quotation marks and citations omitted). However, "the conflict must be 'obvious or apparent' to trigger the ALJ's obligation to inquire further." *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017); *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016).

"Under SSR 82–61, composite jobs are to be "evaluated according to the particular facts of each individual case[,]" and the ALJ should generally afford a highly probative view of the claimant's own description of the work. *Lingenfelter v. Colvin*, No. 3:14-CV-00202-MMD, 2015 WL 2194310, at *6 (D. Nev. May 11, 2015) (citing *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir.1993); *See also* SSR 82–62 ("the claimant is the primary source for vocational documentation, and statements by the claimant regarding

past work are generally sufficient for determining the skill level, exertional demands, and non-exertional demands of such work"). ALJs are to "find the claimant capable of performing the composite job [at step four] only if he or she can perform all parts of the job. A composite job will not have a DOT counterpart, so [ALJs shall] not evaluate [the job] at the part of step 4 consider work 'as generally performed in the national economy'." Social Security Administration, Program Operations Manual System ("POMS") DI § 25005.020(B); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006) ("The POMS does not have the force of law, but it is persuasive authority."). *Lingenfelter v. Colvin*, No. 3:14-CV-00202-MMD, 2015 WL 2194310, at *6 (D. Nev. May 11, 2015). A claimant may be denied at step four if he or she can do his or her past relevant work as generally performed or as actually performed. SSR 82-61. If a claimant's past job is a composite job, it cannot be the basis of step four denial unless he or she can do all the duties of the job as actually performed. SSR 82-61; POMS DI § 25005.020(B) ("When comparing the claimant's RFC to a composite job as it was performed, find the claimant capable of performing the composite job only if he or she can perform all parts of the job. A composite job will not have a DOT counterpart, so do not evaluate it at the part of step 4 considering work 'as generally performed in the national economy'").

In this case, the ALJ asked the VE whether Romero's previous employment was a combination or hybrid job, to which the VE responded that her previous employment was a composite job. (AR 71.)  The ALJ then found that Romero's past relevant work was that of a composite job, comprised of informal waitress and manager, food service. (AR 72.) The VE explained that both jobs are considered light, but informal waitress is semi-skilled work as compared to manager food service which is skilled work. (*Id.*) The VE also testified that Romero actually performed the composite job at the light level. (*Id.*)

When asking the VE questions, the ALJ limited the hypothetical individual to occasional overhead above the shoulder reaching with the right arm. (AR 72.) The VE

testified that he "conducted job analyses and [] still believe that the occasional overhead reaching can still be performed with past work as well as the sedentary unskilled jobs." (AR 74.) In his decision, the ALJ made the determination that Romero is able to perform past relevant work as actually performed because the VE testified that a hypothetical individual with Romero's RFC would be able to do the job as actually performed. (AR 25.)

## A.   Alleged Conflicts

Romero alleges the ALJ failed to resolve conflicts in the record as to two issues. First, Romero asserts the ALJ failed to resolve conflicting vocational evidence in relation to how much weight Romero was required to lift in her composite job. (ECF No. 16 at 4-5.) For a difference between a VE's testimony and the DOT's listings to be fairly characterized as a conflict, it must be obvious or apparent. *Gutierrez v. Colvin*, 844 F.3d 804, 808. "This means that the testimony must be at odds with the Dictionary's listing of job requirements that are essential, integral, or expected." *Id.* During the hearing, Romero testified that she would generally have to lift and carry five to twenty pounds as a restaurant server. (AR 60-62.) She did not testify at the hearing about how much she would have to lift as a manager, food service. Romero identifies evidence in the record which shows she was required to lift up to fifty pounds in her composite job. (ECF No. 16 at 4, AR 294-97, 341-42.) During the hearing, the VE specified that Romero performed *both* parts of the composite job at the light level. (AR 72 ("I believe in combination the claimant performed [the job] at the light level per her testimony as well as the work history report. . .").) The ALJ also asked a hypothetical question of the VE regarding a hypothetical individual who performed light exertional work. (*Id.*) The DOT defines light work as:

> [e]xerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or

standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible. NOTE: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even though the amount of force exerted is negligible.

DOT, Appendix C, IV(c). Medium work is defined as "[e]xerting 20 to 50 pounds of force occasionally, and/or 10 to 25 pounds of force frequently, and/or greater than negligible up to 10 pounds of force constantly to move objects. Physical Demand requirements are in excess of those for Light Work." *Id*.

The second conflict raised by Romero concerns how often she was required to reach overhead during her composite job. In the hypothetical question asked of the VE, the ALJ limited the hypothetical individual to occasional overhead above the shoulder reaching with the right arm. (AR 72.) Romero points to her Work History Reports which state she was required to reach eight hours per day in her past job. (AR 294-97, 340-42.) The DOT defines the term "occasionally" as an activity or condition that exists up to 1/3 of the time and "frequently" as an activity or condition that exists from 1/3 to 2/3 of the time. DOT, Appendix C, IV(c). The Commissioner argues that this is not an apparent conflict because the DOT only refers to reaching in general, not reaching in any direction. (ECF No. 19 at 9.) During the hearing, the ALJ specifically asked the VE whether reaching included directional reaching, to which the VE responded that the term includes reaching in all directions. (AR 75.) The Ninth Circuit explained "[w]hile 'reaching' connotes the ability to extend one's hands and arms 'in any direction,' SSR 85-15, 1985 WL 56857, at *7 (1985), not every job that involves reaching requires the ability to reach overhead." *Gutierrez*, 844 F.3d at 808.

### B.   Waiver of Objections

Regardless of whether the ALJ failed to resolve conflicts in the record, the Commissioner argues that Romero waived the issue by failing to bring the conflicts to the attention of the ALJ during the hearing. (ECF No. 19 at 7.) The Supreme Court held

in *Sims v. Apfel*, 530 U.S. 103 (2000), that social security claimants do not need to raise issues before the Appeals Council to preserve them for judicial review, but expressly declined to rule on whether an issue must be raised to an ALJ. Before *Sims*, Ninth Circuit law held that "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111 at 1115 (9th Cir. 1999). After *Sims,* the question of whether a claimant could challenge a vocational expert's testimony for the first time in a district court came before the Ninth Circuit in *Shaibi v. Berryhill*, 883 F.3d 1102 (9th Cir. 2017). The claimant in *Shaibi* argued that the Ninth Circuit's decision in *Meanel* had been overruled by the Supreme Court's ruling in *Sims*. *Id*. at 1109. However, given the Supreme Court's express limitation that its decision in *Sims* did not reach the question of whether an issue must be brought before an ALJ, the Ninth Circuit found that its decision in *Meanel* remained "binding on this court with respect to proceedings before an ALJ." (*Id.*) Therefore, "claimants must raise all issues and evidence at the ALJ level to preserve them." *Underwood v. Saul*, 2021 WL 1593231, at *2 (D. Nev. Apr 23, 2021) (citing *Shaibi*, 883 F. 3d at 1109).

Romero argues that she did not waive her right to object because the objections do not need to be made during the hearing itself. (ECF No. 21 at 3.) It is true that "whenever a VE is used, the individual has the right to review and respond to the VE evidence *prior to the issuance of a decision*." Social Security Ruling (SSR) 96-9p, 1996 WL 374185, *9 n.8 (emphasis added). This SSR allows objections to VE evidence only until a decision is made. *Id.* Here, the ALJ specifically left the record open for fourteen days following the hearing to allow for additional medical records to be provided. (AR 77.) However, Romero does not provide any exhibits or other documentation to show that her counsel made any objections prior to the issuance of the decision. Therefore, because Romero did not raise the issue of conflicting vocational evidence at the hearing and there is no evidence in the record that Romero raised the issue before the decision, the issue is not preserved. *Underwood*, 2021 WL 1593231, at *2 (citations omitted). For

these reasons, the Court concludes that the Commissioner's finding that Romero could perform past relevant work was supported by substantial evidence. Accordingly, Romero's motion to remand is denied and the Commissioner's cross-motion to affirm is granted.

## V.    CONCLUSION

Having reviewed the Administrative Record as a whole, and weighing the evidence that supports and detracts from the Commissioner's conclusion, the Court finds the ALJ's decision was supported by substantial evidence and is free of legal error.

Accordingly, **IT IS THEREFORE ORDERED** that Romero's motion to remand (ECF No. 16) is **DENIED**, and the Commissioner's cross-motion to affirm (ECF No. 19) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** and **CLOSE THIS CASE**.

**DATED**: ___June 1, 2023.___

_____
**UNITED STATES MAGISTRATE JUDGE**